IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | SA-22-CR-00010-OLG |
| vs. | § § | |
| (1) LEROY ORTIZ JR, | § § | |
| *Defendant.* | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Motion for Appointment of Investigator [#40], which was referred to the undersigned for disposition on March 13, 2023. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be **granted**.

### I. Background and Analysis

Defendant Leroy Ortiz, Jr., was indicted on January 5, 2022, in a nine-count indictment for possession of a stolen mail matter, bank fraud, aggravated identity theft, and false representation of a social security number. On February 4, 2022, the office of the Federal Public Defender was appointed to represent Defendant in this case. Due to a conflict of interest, the Federal Public Defender moved to withdraw, and the Court appointed substitute counsel to represent Defendant on July 11, 2022. Defendant now moves for the appointment of Fred Olivares of Talon Investigations to carry out any investigative work counsel deems necessary

1

and an order allowing Mr. Olivares to bill up to $2,000 for his services. The Court should grant the motion.

The Criminal Justice Act, 18 U.S.C. § 3006A(e), allows an indigent defendant to request the appointment of an expert or to receive other services that are necessary for adequate representation after demonstrating to the court that the services are necessary. *United States v. Benitez*, 623 Fed. App'x 238 (5th Cir. 2015). "Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation." 18 U.S.C. § 3006A(e)(2)(A). The total cost of services obtained without prior authorization may not exceed $900 and expenses reasonably incurred, unless the court finds, in the interest of justice, that "timely procurement of necessary services could not await prior authorization" and the district court approves the payment of services after they have been obtained up to an amount of $2,400. *Id.* at §§ 3006A(e)(2), (3), (5). Approval for services beyond $2,400 requires certification by the district court and approval by the chief judge of the governing circuit court of appeals, or her designee. *Id.* at § 3006A(e)(3). Section 3006A(e)(5), in turn, adjusts the $2,400 cap based on the "rates of pay under the General Schedule." Accordingly, for services performed after December 31, 2022, the maximum compensation based on the adjustment is $2,800, exclusive of reimbursement for expenses reasonably incurred.

Defendant requests prior authorization of investigative services up to $2,000. This amount does not require certification by the district court and approval by the chief judge of the governing circuit of appeals. The undersigned finds the requested appointment of Mr. Olivares to be reasonable and will recommend the District Court grant pre-authorization of billing for his services up to $2,000.

## II.  Conclusion and Recommendation

Having considered Defendant's motion and the governing law, the undersigned recommends that Defendant's Motion for Appointment of Investigator [#40] be **GRANTED** such that Investigator Fred Olivares is authorized to bill up to $2,000.00 without further prior authorization.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 21st day of March, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE